## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNY SMITH | : | |
| 119 Montana Drive | : | CIVIL ACTION |
| Chadds Ford, PA 19317 | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | No.: |
| | : | |
| CROSSCOUNTRY MORTGAGE, LLC | : | |
| 2160 Superior Avenue East | : | |
| Clevland, OH 44114 | : | |
| | : | |
| and | : | |
| | : | |
| CROSS COUNTRY MORTGAGE OF | : | |
| PENNSYLVANIA, LLC | : | |
| 6 Dickinson Drive, Unit 213-215 | : | |
| Chadds Ford, PA 19317 | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.    This action has been initiated by Penny Smith ("Plaintiff") against Defendant CrossCountry Mortgage, LLC, and Defendant Cross Country Mortgage of Pennsylvania, LLC (hereinafter collectively "Defendants") for violations of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 et. seq.); the Pennsylvania Human Relations Act ("PHRA");[1] and Pennsylvania common law for wrongful termination for her refusal to participate in illegal

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal Right to Sue letter under the ADEA. Plaintiff's PHRA claims will mirror identically her federal claims.

activities. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under the laws of the United States. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims set forth herein.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district; and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is a sixty-one (61) year old adult individual residing at an address as set forth in the caption.

8.      Defendant CrossCountry Mortgage, LLC is a foreign business corporation, duly formed under the laws of the State of Delaware, with a principal place of business as set forth in the caption.

9.      Defendant Cross Country Mortgage of Pennsylvania, LLC is a foreign business corporation, duly formed under the laws of the State of Ohio, with a place of business as set forth in the caption.

10.     Defendants are nationwide mortgage lenders operating over 600 branches with over 7000 employees, including a branch located at 6 Dickinson Drive, Unit 213-215, Chadds Ford, PA 19317 where Defendants employed Plaintiff.

11.     Upon information and belief, Defendants comprise a single, integrated operation and overlap in management, operations, advertising, and employees such that they are properly considered Plaintiff's joint, single and/or integrated employer.

12.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

13.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14.     Plaintiff is a sixty-one (61) year old female.

15.     Plaintiff was initially employed by Defendants' predecessor, LendUS, LLC, beginning in or about November 2018.

16.     On or about April 22, 2022, Defendants completed an acquisition of LendUS and employed Plaintiff as a Regional Operations Manager.

17.     Between about January 2022 and September 2022, Plaintiff observed Defendants systemically lay off older female employees, including the oldest and second oldest employees, Barbra Grist and Susan Schell.

18.     On or about November 15, 2022, William "Bill" Litton ("Litton"), Defendants' Regional Branch Manager and Plaintiff's supervisor, next turned his attention to Plaintiff and began making openly discriminatory remarks to Plaintiff about her age.

19.     By way of example only, Litton told Plaintiff that:

    a.  It was important for her to have a good appearance and look younger than she was;

    b.  If she did not keep up her appearance and look younger, she would be "obsolete;"

    c.  She looked great for her age; and

    d.  He (Litton) wanted to "establish a younger" team because he felt the market in 2023 would be mostly first-time younger home buyers and younger employees would be more "relatable."

20.     Plaintiff opposed these discriminatory remarks but continued to perform her job well, as she had for the entirety of her tenure with Defendants.

21.     Shortly thereafter and presumably in an effort to get her to quit, Litton informed Plaintiff that he was cutting her bonus, despite the fact that Plaintiff was routinely working 10–14-hour days and doing double the amount of work as other employees.

22.     When it became clear Plaintiff was not going to quit or resign on her own, Litton then began to continuously, relentlessly, and on a near daily basis, target Plaintiff by being openly rude to her, cutting her off, excluding her from meetings, making fun of her speech (Plaintiff is

partially deaf and sometimes mispronounces words) and trying to sow division between Plaintiff and the rest of the team.

23.     It was abundantly clear that Litton was trying to push Plaintiff out in close proximity to telling her he wanted to cultivate a "younger" team and terminating the two (2) oldest female employees in the months prior.

24.     On or about May 22, 2023, Litton demanded Plaintiff to remove a $1.5 Million business loan from a loan application, disregard/hide certain bank statements, and hide any evidence of the business loan so that the borrowers could qualify.

25.     To be clear, Litton continuously directed Plaintiff to alter documents, remove, hide or change information to make borrowers qualify - this aforementioned incident is just one example of this.

26.     Plaintiff opposed the aforesaid illegal and fraudulent directives and pushed back on each request.

27.     On or about July 10, 2023, Litton's hostile treatment of Plaintiff came to a head and after continually complaining and opposing his discriminatory treatment of her, Litton demanded to meet in person and out of the office so that he could threaten Plaintiff away from prying eyes.

28.     During this meeting, on or about July 14, 2023, Litton told Plaintiff that he "wasn't sure her head was in the game anymore."

29.     In response, and in addition to complaining about Litton's ongoing mistreatment of her, Plaintiff again raised concerns with Litton that he had been pressuring her to commit mortgage fraud by, for example, using false information Litton provided to her to obtain pre-approvals, directing Plaintiff to hide, remove and get rid of information, and providing her with fraudulent agreements of sale and agreements where he had removed appraisal gaps.

30.     To be clear, throughout her employment, Litton continuously encouraged Plaintiff to skirt federal and state mortgage regulations to increase the number of loans they could process and close. Plaintiff always opposed these illegal practices and pushed back against Litton.

31.     Litton retorted by telling Plaintiff in a threatening manner that she was to "keep her mouth shut," "not voice her opinion," "do what I (Litton) tell you to do," "support what I say in meetings," "use the information I give you and don't question it and do what you do best and preapprove my loans."

32.     It was clear that Litton was telling Plaintiff to sit down, shut up, and do as she was told, or else (be terminated).

33.     Plaintiff again pushed back and refused to participate in blatantly fraudulent and illegal activity to the point Litton began mocking Plaintiff and stated to her (in a mocking voice), "Penny you always do the right thing, that's what I like about you."

34.     Approximately two weeks later, during a Daily Meeting on or about July 31, 2023, Litton instructed Plaintiff to "hide" alimony/child support information on a loan application and also instructed another employee to direct a customer to fraudulently re-file his 2022 tax returns to claim more income so that he qualifies for the loan. Plaintiff again openly opposed Litton's fraudulent and illegal directives.

35.     Less than one (1) month later, on or about August 14, 2023, Defendants' HR representatives Ashley (LNU) and Britney (LNU) blindsided Plaintiff and called to tell her that she was being "laid off" for "lack of volume."

36.     This "layoff" was continued evidence of a pattern and practice of terminating older employees and replacing them with substantially younger and less qualified employees as all, or

nearly all, of the similarly situated employees also laid off by Litton were over the age of forty (40).

37.     Upon information and belief, Plaintiff was replaced by a substantially younger employee(s).

## COUNT I
## <u>Violations of the Age Discrimination in Employment Act ("ADEA")</u>
### ([1] Age Discrimination; and [2] Retaliation)

38.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39.     Defendants terminated Plaintiff because of her age, and upon information and belief replaced her with an objectively unqualified and substantially younger employee(s).

40.     Plaintiff specifically opposed and complained of Defendants discriminatory employment practices a short time before Defendants unfairly terminated her.

41.     Plaintiff believes and avers herein that her age was a determinative factor in Defendants' decision to terminate her.

42.     Plaintiff also believes and therefore avers that she was terminated in retaliation for engaging in protected activity (objecting to discriminatory practices) under the ADEA.

43.     These actions as aforesaid constitute unlawful discrimination and retaliation under the ADEA.

## COUNT II
## <u>Violations of Pennsylvania Common Law</u>
### (Wrongful Termination)
### -Against Both Defendants-

44.     It is clearly prohibited in this Commonwealth to terminate an employee for refusing to participate in and/or comply with illegal or criminal acts. *See. e.g. Smith v. Calgon Carbon Corp.*, 917 F.2d 1338, 1344 (3rd Cir.1988)("The public policy exception has been most frequently

applied under Pennsylvania law when the discharge is a result of the employee's compliance with or refusal to violate the law." (quoting *Woodson v. AMF Leisureland Centers, Inc.,* 842 F.2d 699, 702 (3rd Cir.1988)); *Levito v. Hussman Food Service Co. Victory Refrigeration Div*., WL 1426 (E.D. Pa. 1990); *Shaw v. Russel Trucking Line, Inc.,* 542 F.Supp. 776 (W.D.Pa.1982); *Dugan v. Bell Tel. of Pennsylvania,* 876 F.Supp. 713, 725 (W.D.Pa.1990).

45.     Defendants terminated Plaintiff because she to participate in and/or comply with illegal or criminal acts at the direction of Defendants' management, specifically Litton, including committing mortgage fraud in violation of state and federal mortgage regulations.

46.     Defendants' termination of Plaintiff therefore constitutes a violation of this Commonwealth's common law protections.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered unlawful payment practices, retaliation, and discrimination at the hands of Defendants until the date of verdict;

B.     Plaintiff is to be awarded liquidated or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for its willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801

Date:  September 6, 2024

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

CIVIL ACTION

Penny Smith

v.

Crosscountry Mortgage, LLC, et al.

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                             (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                      (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                         (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (X )

| 9/6/2024 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 119 Montana Drive, Chadds Ford, PA 19317

Address of Defendant: 2160 Superior Avenue East, Cleveland, OH 44114; 6 Dickinson Drive, Unit 213-215, Chadds Ford, PA 19317

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/6/2024 _____  ARK2484 / 91538

*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
   *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: 9/6/2024 _____  ARK2484 / 91538

*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SMITH, PENNY

**(b)** County of Residence of First Listed Plaintiff    Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

### DEFENDANTS

CROSSCOUNTRY MORTGAGE, LLC., ET AL.

County of Residence of First Listed Defendant    Cuyahoga
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury – Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury – Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **SOCIAL SECURITY** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities – Employment | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | **Other:** | ☐ 862 Black Lung (923) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 863 DIWC/DIWW (405(g)) | |
| | | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI | |
| | | ☐ 555 Prison Condition | ☐ 865 RSI (405(g)) | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | **FEDERAL TAX SUITS** | |
| | | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation – Transfer
- ☐ 8  Multidistrict Litigation – Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA (29USC621)

Brief description of cause:
Violations of the ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    9/6/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____